**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF ALABAMA
MOBILE DIVISION**

MALCOM BARGE,

        Plaintiff,

v.

        Civil Action No.

ANDREW SAUL,
COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Jury Trial
Demand

        Defendant.

## COMPLAINT FOR DAMAGES, DECLARATORY AND EQUITABLE RELIEF

Plaintiff, by and through undersigned counsel, files this Complaint for

Damages and Equitable Relief, and shows the Court as follows:

### I.    Preliminary Statement

1.    This action seeks actual damages, declaratory, injunctive and

equitable relief, compensatory damages, and costs and attorney's fees

for the disability discrimination, and reprisal and harassment suffered

by Plaintiff Malcom Barge ("Mr. Barge") in his treatment by

Defendant.

## II.    Jurisdiction

2.    This action is brought for disability discrimination, reprisal and harassment under the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964, as amended. The jurisdiction of this court is invoked to secure protection and redress deprivation of rights secured by federal law which prohibits discrimination against employees because of their protected activities.

3.    The jurisdiction of this Court is invoked pursuant to its original jurisdiction over cases and controversies arising under federal law, pursuant to 28 U.S.C. § 1331, and all prerequisites to bringing this suit have been met. This suit is properly before the court.

4.    Plaintiff made timely informal Equal Employment Opportunity (hereinafter "EEO") contact regarding counseling the claims at issue in this action on or about November 8, 2019, and Plaintiff subsequently timely filed a formal complaint of discrimination on or about December 9, 2019. *See Formal Complaint attached.*

5.    Plaintiff received the Decision and Order of Dismissal on December 4, 2020, based on 29 CFR 1614.407 which grants Plaintiff the right to file an individual complaint after 180 days from the date of filing an

2

individual or class complaint if an appeal has not been filed and final action has not been taken. *See Decision and Order of Dismissal attached.*

6.  Plaintiff subsequently received a Final Order from the Agency on December 11, 2020. *See Final Order attached.* Plaintiff was informed that he had a right to file a civil action, within ninety (90) calendar days from the date he received the decision. He files this action timely.

## III.   Venue

7.  This action properly lies in the United States District Court for the Southern District of Alabama, pursuant to 29 U.S.C. § 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

## IV.   Parties

8.  Plaintiff was a Legal Assistant (GS-8) with the Social Security Administration ("SSA")  in Mobile, Alabama at all relevant times.

9.  Plaintiff is a resident of Mobile County, Alabama and is a citizen of the United States.

10.    The Defendant is a federal government agency and has offices throughout the United States, including in Mobile, Alabama. Defendant is an employer, engaging in an industry affecting commerce, and, upon information and belief, employs more than 500 regular employees.

## V.    Facts

11.    Plaintiff was the Legal Assistant with the SSA Hearing Office in Mobile, Alabama, and he has been in his position and with the Agency for two and a half years.

12.    Plaintiff's first-level supervisor until November 2019 was Gena Daniels and following that date Plaintiff started reporting to Robbie Pitts until his resignation on May 26, 2020.

13.    Plaintiff's second -level supervisor was John Tiner from October 15, 2017 until his resignation on May 26, 2020.

14.    Defendant's actions damaged Plaintiff and his reputation.

15.    Defendant is liable for its actions.

## VI.    Count I: Violation of Americans with Disabilities Act (ADA) – Forced Resignation.

4

16.   Plaintiff incorporates by reference paragraphs 1-15 of his complaint as if fully set forth herein.

17.   Plaintiff is a qualified individual with disabilities, specifically, Post Traumatic Stress Disorder (PTSD) and Traumatic Brain Injury (TBI).

18.   Plaintiff is member of a protected class.

19.   Plaintiff was hired as a Schedule A employee and was diagnosed for PTSD and TBI since 2010 which are both service related.

20.   Plaintiff is a 50% Disabled Veteran.

21.   Plaintiff was qualified to perform his duties as a Legal Assistant.

22.   On September 24, 2019, Plaintiff submitted his Reasonable Accommodation ("RA") request through the online portal.

23.   Plaintiff requested a transfer to the Las Vegas Office because of the difference in barometric pressure which would help with his headache, panic attack, and PTSD triggers.

24.   On September 26, 2019, Gena Daniels told Plaintiff that the only way his RA would be approved is if it was submitted based on the way she edited the report, which was done to highlight Plaintiff's PTSD and withdraw mentions of the harassment as Plaintiff expressed it.

25. On September 26, 2019, Plaintiff refused to sign the edited report from Gena Daniels regarding his RA request.

26. On October 1, 2019, Gena Daniels removed Plaintiff's summarized document submitted with his RA request from the RA portal and uploaded her own summarized version which contained falsity.

27. In November 2019, Plaintiff emailed Roberts Pitts about the status of his reasonable accommodation and Roberts Pitts's response was "we process according to policy." Plaintiff also requested the documents submitted with the request and Robert Pitts failed to provide Plaintiff with the documents relating to his RA request.

28. On or around November 2019, Megan Martino-Jacobs, Employee/Labor Relations Representative, sent an e-mail to the San Francisco regional office, disclosing Plaintiff's medical information without his consent.

29. In April 2020, Plaintiff was ultimately told by Robert Pitts that management recommended a denial of his request, because they did not see how his accommodation would help.

30. Plaintiff's working conditions were so intolerable that a reasonable person in his position would be compelled to resign.

31. The conducts of Gena Daniels, Robert Pitts were known by John

Tiner as he was copied on the emails relating to the disability discrimination.

32. Plaintiff was forced to resign from the Agency because of the discriminatory treatment towards Plaintiff's disabilities.

33. This occurred because of Plaintiff's disability and/or was tainted by disability.

34. Defendant's actions constitute unlawful disability discrimination in violation of ADA, causing Plaintiff damages.

## VII. Count II: Violation of Title VII of the Civil Rights Act of 1964 based on retaliation – Forced Resignation.

35. Plaintiff incorporates by reference paragraphs 1-34 of his complaint as if fully set forth herein.

36. Plaintiff engaged in protected activities and was a member of a protected class.

37. In March 2018, Plaintiff filed an EEO claim against Gena Daniels and Whitney Wills based on race discrimination which led to an internal investigation.

38. Gena Daniels retaliated against Plaintiff for his involvement in this EEO activity.

39. On July 18, 2019, Plaintiff was subjected to a Weingarten meeting to discuss an e-mail response he sent to Whitney Wills, a supervisor within the Agency to address concerns of fraud and retaliation.

40. On July 18, 2019, Plaintiff received unwarranted written reprimand from Gena Daniels following the meeting.

41. On September 12, 2019, Plaintiff filed a complaint with the Harassment Prevention Officer (HPO) and received confirmation about the initiation of an investigation on September 23, 2019.

42. The Responsible Management Officials including Gena Daniels and Robert Pitts knew about the internal investigation.

43. On September 24, 2019, Plaintiff filed his RA electronically which Gena Daniels was aware of.

44. After the initiation of the investigation, on September 26, 2019, Gena Daniels called Plaintiff into his office to conduct an interactive discussion, which was supposed to be a meeting to ensure Plaintiff understands the process and address the need for any supporting documents.

45. Instead of explaining the reasonable accommodation process and request more documentation if needed, Ms. Daniels began to type up

8

her own version of his request which lead to an inaccurate report of the discussion.

46. The internal harassment claim filed on September 24, 2019 was protected activity.

47. The day before Plaintiff filed his RA request in September 2019, Gena Daniels became aware of the internal investigation initiation that Plaintiff filed which included Gena Daniels.

48. Requesting reasonable accommodation was protected activity.

49. Interfering with the Plaintiff's report; making Plaintiff AWOL and denying Plaintiff sick leave were acts of retaliation by Gena Daniels.

50. On May 18, 2020, Plaintiff was placed on Absence without Leave (AWOL) for l6 hours from May 14, 2020 through May 15, 2020.

51. Starting May 2020, Plaintiff was marked AWOL for a total of about 72 hours even after Plaintiff resigned.

52. Throughout May 13th - 19th 2020, Robert Pitts denied Plaintiff's sick leave.

53. Plaintiff's working conditions were so intolerable that a reasonable person in his position would be compelled to resign, and he did.

54. This occurred because of Plaintiff's protected activity and/or was tainted by Plaintiff's protected activity.

55. The conducts of Gena Daniels, Robert Pitts were known by John Tiner as he was copied on the emails relating to the retaliation yet failed to intervene.

56. Defendant's actions constitute unlawful retaliation in violation of Title VII causing Plaintiff damages.

## VIII.  Count III: Plaintiff was subjected to a Harassment in Violation of Title VII of the Civil Rights Act of 1964.

57. Plaintiff incorporates by reference paragraphs 1-56 of her complaint as if fully set forth herein.

58. Plaintiff has been subjected to a Harassment (Non-Sexual) Hostile Work Environment from March 2018 through May 26, 2020.

59. Defendant subjected Plaintiff to a hostile work environment in violation of Title VII, causing Plaintiff damages.

60. The conduct was based on disability discrimination, harassment, and retaliation.

61. The conduct was unwelcoming.

10

62. The conduct was severe and/or pervasive and/or would dissuade a reasonable person from engaging in protected activity.

63. The conducts of Gena Daniels, Robert Pitts were known by John Tiner as he was copied on the emails relating to the harassment yet failed to intervene.

64. The harassment caused Plaintiff damages for which Defendant is liable.

## IX.    Prayer for Relief

65. Wherefore, Plaintiff prays that this Court:

   a.    declare the conduct engaged in the Defendant to be in violation of his rights,

   b.    award Plaintiff back pay and actual damages,

   c.    award Plaintiff compensatory damages;

   d.    award Plaintiff costs and attorney's fees; and

   e.    grant such other relief as it may deem just and proper.

## X.    Jury Demand

66. Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted on this the 11th day of March 2021.

Anthony D. Michel, Esq. (ASB-6809-O64M)
*Local Counsel for Plaintiff, Malcom Barge*

**WRADY MICHEL & KING**
505 20th Street North, Suite 1650
Birmingham, Alabama 35203
P:  (205) 980-5700
F:  (205) 994-2819
anthony@wmalabamalaw.com

Shaun C. Southworth, Esq., *pro hac vice application to be filed forthwith*
Georgia A. Lawrence, Esq., *pro hac vice application to be filed forthwith*
**Southworth PC**
1100 Peachtree ST NE, Suite 200
Atlanta, GA 30309
Tel:(404) 585-8095
shaun@southworthpc.com
georgia@southworthpc.com

*Attorneys for Plaintiff, Malcom Barge*

12

**THE AGENCY WILL BE SERVED VIA REGISTERED AND CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Andrew Saul
Commissioner
U.S. Social Security Administration
1300 D Street Southwest
Washington, DC 20024

Bill Barr
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-00014

Assistant Attorney General of Administration
U.S. Department of Justice
Justice Management Division
950 Pennsylvania Avenue, NW, Room 1111
Washington, DC 20530-00014

Charles R. Diard, Jr.
Clerk of Court
113 St Joseph St # 123
Mobile, Alabama 36602

_____
Local Counsel for Plaintiff

13



# SOCIAL SECURITY

**December 11, 2020**

<u>**VIA Electronic Mail**</u>

Malcolm Barge

**Re: ATL-20-0117-SSA/Malcolm Barge**
     **EEOC No. 420-2020-00209X**

Dear Mr. Barge:

This letter contains the Social Security Administration's (SSA or Agency) final order for the above-referenced discrimination complaint.

After receiving the complaint file, Complainant requested a hearing before an Equal Employment Opportunity Commission Administrative Judge (EEOC AJ).  On December 8, 2020, SSA received the EEOC AJ's decision, dated December 4, 2020, in favor of the Agency. We forwarded a copy of the EEOC AJ's decision to you for review and consideration.  The EEOC AJ concluded that the Complainant is pursuing this matter in federal court, and therefore the Commission's proceeding is terminated.

## <u>IMPLEMENTATION STATEMENT</u>

Upon review and consideration of the evidence of record, SSA adopts the EEOC AJ's decision without modification.  Accordingly, SSA hereby fully implements the decision.

## <u>FINAL ORDER</u>

It is the final order of SSA that Complainant was not discriminated against based on disability and reprisal.

SOCIAL SECURITY ADMINISTRATION     BALTIMORE MD  21235-0001

The enclosed notice explains Complainant's right to appeal the AJ's Decision and/or the Agency's final order.  Complainant should use the enclosed EEOC Form 573, Notice of Appeal/Petition, if Complainant chooses to file an appeal.

Sincerely,

Claudia Postell
Equal Employment Opportunity Director
Office of Civil Rights and Equal Opportunity

Enclosures:
AJ's Decision
EEOC Form 573

cc:

Kelly Tirik, AJ, via electronic mail, Kelly.Tirik@eeoc.gov
Malcolm Barge, Complainant, via electronic mail, ███████████
Jennifer McMahon, Esq., OGC Attorney, via electronic mail, Jennifer.mcmahon@ssa.gov

SOCIAL SECURITY ADMINISTRATION
COMPLAINT OF DISCRIMINATION
**Bases:** disability and reprisal (prior EEO activity)
**Complainant: Malcolm Barge**
**Agency No.: ATL-20-0117**
` **EEOC No.:  420-2020-00209X**

Date:  **December 11, 2020**

This notice informs you of your right to appeal the Administrative Judge's decision and the Social Security Administration's (SSA's) final order in your discrimination complaint.

Within 30 days of your receipt of SSA's final order, you have the right to file an appeal with the Equal Employment Opportunity Commission (EEOC).  You should use the enclosed EEOC Form 573, Notice of Appeal/Petition to do so, and you should indicate what you are appealing. You may file an appeal by mailing the appeal to:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> P.O. Box 77960
> Washington, DC  20013

> or by delivering the appeal to:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> 131 M Street, NE
> Suite 5SW12G
> Washington, DC  20507-0100

Appeals of less than ten (10) pages may also be faxed to (202) 663-7022.

**A copy of your appeal must be provided to SSA when you file your appeal with EEOC.**

Send a copy of your appeal to:

> EEO Director
> Office of Civil Rights and Equal Opportunity
> Social Security Administration
> P.O. Box 17712
> Baltimore, Maryland  21235-7712

> or deliver it to:

> 3350 West High Rise Building

**COVID-19 Information on Filing Appeals**:

If you plan to file an appeal with the EEOC, please note that EEOC may be unable to docket and adjudicate your appeal at this time if it is filed on paper. Because paper submissions will likely not be received by EEOC for the foreseeable future, the Commission has advised using its electronic portal for new cases, by all parties. The EEOC Public Portal address and instructions are provided below. Also, please be advised that you should forward a copy of your appeal to the agency. Please send a copy of the appeal to the following mailbox: ^DCHR OCREO Hearings and Appeals Mailbox: DCHR.OCREO.Hearings.and.Appeals.Mailbox@ssa.gov.

**Or: Complainants Now Have the Ability to File Online.** The EEOC Public Portal is a secure, web-based application that allows individuals with discrimination complaints against the government to electronically request a hearing before an EEOC AJ. **To file your hearing request using the Public Portal:**

- Create an account.
- Request a hearing on the merits of your complaint before an EEOC AJ.
- Identify a representative and provide their contact information.
- Submit and receive documents supporting the hearing request.

**You also have the right to file a civil action in an appropriate U.S. District Court:**

- Within **90 days** of receiving this final order if no appeal is filed with EEOC, or
- Within **90 days** after receiving EEOC's final decision on an appeal, or
- If more than **180 days** have passed since an appeal was filed with EEOC and no final decision has been made.

If you decide to file a civil action and you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you.  You may also ask that the Court permit you to file the action without payment of costs, fees, or other security. **Granting or denying your request is within the sole discretion of the Court.**  Both the request and the civil action UNDER BE FILED WITHIN NINETY (90) CALENDAR DAYS of the date you receive the final order or final decision from SSA or the EEOC's final decision. Filing a request for an attorney does not extend your time in which to file a civil action.

**If you decide to file a civil action, you must name the Commissioner of SSA as the defendant.  Failure to name the Commissioner may result in dismissal of your case.**  If you file a civil action, administrative processing of your complaint will end.

**NOTICE OF APPEAL/PETITION**
**TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
OFFICE OF FEDERAL OPERATIONS

**Complainant Information:** (Please Print or Type)

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a **final action** been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ___ Yes; Date Received _____(Remember to attach a copy)<br>___ No<br>___ This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on the same matter with the EEOC, <u>another</u> agency, or through any <u>other</u> administrative or collective bargaining procedures? | ___ No<br>___ Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ___ No<br>___ Yes (**Attach a copy of the civil action filed**) |

**NOTICE:** Please **attach a copy of the final decision or order** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC **and** with the agency **within 30 days** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| | |
|---|---|
| Signature of complainant or complainant's representative: | |
| Date: | |

## PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE:** EEOC Form 573, Notice of Appeal/Petition, January 2001
2. **AUTHORITY:** 42 U.S.C. 2000e-16
3. **PRINCIPAL PURPOSE:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.
4. **ROUTINE USES:** Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a database for statistical purposes.
5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

Send your appeal to:
The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 77960
Washington, DC. 20013

EEOC Form 573 REV 1-01

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2020, a copy of this Final Order was issued via electronic mail to:

Kelly Tirik, AJ, via electronic mail, Kelly.Tirik@eeoc.gov

Malcolm Barge, Complainant, via electronic mail,

Jennifer McMahon, Esq., OGC Attorney, via electronic mail, Jennifer.mcmahon@ssa.gov

Date: December 11, 2020

_____

(for) Claudia J. Postell
Equal Employment Opportunity Director
Office of Civil Rights and Equal Opportunity



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**BIRMINGHAM DISTRICT OFFICE**
Ridge Park Place, Suite 2000
1130 - 22nd Street, South
Birmingham, AL 35205-2870

| | | |
|---|---|---|
| | : | |
| **MALCOLM BARGE** | : | EEOC No. |
| | : | **420-2020-00209X** |
| **Complainant** | : | |
| | : | Agency Case No. |
| **v.** | : | **ATL-20-0117** |
| | : | |
| **ANDREW SAUL, Commissioner,** | : | |
| **Social Security Administration,** | : | |
| | : | |
| | : | |
| **Agency** | : | |
| | : | **Issue Date – December 4, 2020** |
| | : | |

---

**DECISION AND ORDER OF DISMISSAL**

On December 4, 2020, an initial teleconference was held between the Complainant, Malcom Barge, Agency Representative, Jennifer McMahon, Esq. and Administrative Judge Kelly Tirik.  On two separate occasions during the call, Complainant told the Judge he wanted to file a Civil Action in District Court because 180 days had already passed from the filing of his complaint.  The Administrative Judge confirmed this with Complainant and said she would dismiss his complaint then so he pursue that avenue. The Agency had no objection to that avenue that the Complainant wanted to pursue.  29 CFR 1614.407 states that a complainant who has filed an individual complaint … is authorized under Title VII…(b) after 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken.  Because the Complainant has indicated he no longer wants to pursue his complaint through the EEOC hearings process, and instead wishes to file a civil action in District Court, his complaint is dismissed.

29 C.F.R. § 1614.409 provides that filing a civil action under § 1614.407 shall terminate Commission processing of the appeal.

Based on the above, it appears Complainant no longer wants to pursue his complaint through the

EEOC, and will file a civil action in district court containing the same matters before the Commission in the above matter.    Therefore, this matter is hereby **DISMISSED**.    The captioned complaint is REMANDED to the Agency for processing.

It is so ORDERED, this 4th day of December 2020.

*KELLY TIRIK*

_____

KELLY TIRIK
Administrative Judge
Telephone: (205) 651-7039
Facsimile: (205) 212-2025
E-mail: KELLY.TIRIK@eeoc.gov

## NOTICE TO THE PARTIES

*TO THE AGENCY*:

Within forty (40) days of receiving this decision and the hearing record, you are required to issue a final order notifying the complainant whether or not you will fully implement this decision.  You should also send a copy of your final order to the Administrative Judge.

Your final order must contain a notice of the complainant's right to appeal to the Office of Federal Operations, the right to file a civil action in a federal district court, the name of the proper defendant in any such lawsuit, the right to request the appointment of counsel and waiver of court costs or fees, and the applicable time limits for such appeal or lawsuit.  A copy of EEOC Form 573 (Notice of Appeal/Petition) must be attached to your final order.

If your final order does not fully implement this decision, you must simultaneously file an appeal with the Office of Federal Operations in accordance with 29 C.F.R. 1614.403, and append a copy of your appeal to your final order.  *See* EEOC Management Directive 110, August 5, 2015, Appendix O.  You must also comply with the Interim Relief regulation set forth at 29 C.F.R. § 1614.505.

*TO THE COMPLAINANT*:

You may file an appeal with the Commission's Office of Federal Operations when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision. 29 C.F.R. § 1614.110(a).  From the time you receive the agency's final order, you will have thirty (30) days to file an appeal.  If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order.  *See* EEO MD-110, 9-3.  In either case, please attach a copy of this decision with your appeal.

Do not send your appeal to the Administrative Judge.  Your appeal must be filed with the Office of Federal Operations at the address set forth below, and you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Operations.  In or attached to your appeal to the Office of Federal Operations, you must certify the date and method by which you sent a copy of your appeal to the agency.

***WHERE TO FILE AN APPEAL***:

All appeals to the Commission must be filed electronically until further notice.

    <u>BY ELECTRONIC SUBMISSION:</u>

    Public Portal/FEDSEP

    https://www.eeoc.gov/federal/fedsep.cfm

## <u>COMPLIANCE WITH AN AGENCY FINAL ACTION</u>

Pursuant to 29 C.F.R. § 1614.504, an agency's final action that has not been the subject of an appeal to the Commission or a civil action is binding on the agency.  If the complainant believes that the agency has failed to comply with the terms of this decision, the complainant shall notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance.  The agency shall resolve the matter and respond to the complainant in writing.  If the agency has not responded to the complainant, in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the agency has complied with the terms of its final action.  The complainant may file such an appeal 35 days after serving the agency with the allegations of non-compliance, but must file an appeal within 30 days of receiving the agency's determination.  A copy of the appeal must be served on the agency, and the agency may submit a response to the Commission within 30 days of receiving the notice of appeal.

## CERTIFICATE OF SERVICE

For timeliness purposes, the Commission will presume that this **Order of Dismissal** was received within five (5) calendar days of mailing. I certify that this **Order of Dismissal** was sent by email and FEDSEP to Complainant, and the Agency's Representative on December 4, 2020.

COMPLAINANT:                          Malcolm Barge


FOR THE AGENCY:                       Jennifer McMahon, Esq.
                                      Jennifer.mcmahon@ssa.gov


                                      Claudia Postell
                                      Social Security Administration
                                      Office of Equal Employment Opportunity
                                      Claudia.postell@ssa.gov


Date:  December 4, 2020                    _____*Kelly Tirik*_____

                                      KELLY TIRIK
                                      Administrative Judge

Social Security Administration v. Malcom Barge

RECEIVED BY
DCHR/OCREO

## Formal Equal Employment Opportunity (EEO) Complaint of Discrimination

DEC 13 2019

CENTER FOR COMPLAINTS RESOLUTION

| 1. Complainant's Name: (Last, First, MI) | 2. SSN (Last 4 Digits) | 3. Case Number: |
|---|---|---|
| Barge, Malcom | ███████ | ATL-20-0117-SSA |

**4. Home address (No., Street, City, State and Zip Code):**

████████████████████████

| 5. E-mail Address: | 6. Home Telephone No.: | 7. Work Telephone No.: |
|---|---|---|
| ███████ | ███████ | 866-563-4698 Ext 20818 |

| 8. Are you an SSA employee? | 9. Position | 10. Grade |
|---|---|---|
| ☑ YES   ☐ NO  (If Yes, Please answer questions 9 and 10) | Legal Assistant | GS 8 step 9 |

| 11. Component where you believe the alleged discrimination occurred: (Identify Component, Provide No., Street, City, State and Zip Code) | 12. Name and Title of Person(s) who took the action(s) you allege were discriminatory. |
|---|---|
| Social Security Administration 550 Government St Suite 200 Mobile, AL. 36602 | Gena Daniels Supervisor |

| 13a. Name of your Designated Representative (if applicable): | 13b. Representative's Title: | 13c. Representative's E-Mail Address |
|---|---|---|
| | | |

14a. If my complaint is accepted for investigation, I elect to receive a ☑ hard copy of the report or a copy on ☑ compact disc (CD). Check the appropriate box.

14b. My representative, if applicable, elects to receive a ☐ hard copy of the report or a copy on ☐ compact disc (CD). Check the appropriate box.

Form **SSA-679** (06-2011)                Page 1

000920

**Exhibit 1
Page 1 of 6**

**15. STATEMENT OF CLAIM(S)** Social Security Administration (Please refer to the instructions, and follow the format below for each individual claim. A continuation sheet is included for your convenience, which you may copy as needed to accommodate all of your claims.)

**DATE OF OCCURRENCE:**

9-26-2019

**BASIS: (Race, Sex, National Origin, etc.)**

Disability

**ISSUE:** (If harassment, please specify whether sexual or non-sexual. If reasonable accommodation, please specify whether the claim relates to religion or disability.)

Harassment non-sexual
RA Disability

**BRIEF DESCRIPTION OF CLAIM:** (Include only relevant facts and background information necessary to explain the claim)

See Next 3 Pages

**REMEDY REQUESTED**

See Next 3 Pages

Did you discuss your claims with an EEO Counselor?   YES ☑   NO ☐

_____          12-9-2019
**Signature of Complainant or Attorney Representative**          **Date**

Form **SSA-679** (06-2011)                    Page 2